50 F.3d 9
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory Albert THOMAS, Defendant-Appellant.
 No. 94-5085.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 7, 1995.
Decided March 17, 1995.
 
 Gary A. Ticknor, Baltimore, MD, for Appellant. Lynne A. Battaglia, U.S. Atty., Andrea L. Smith, Asst. U.S. Atty., Brent J. Gurney, Asst. U.S. Atty., Baltimore, MD, for Appellee.
 Before MURNAGHAN, LUTTIG, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Gregory Albert Thomas pled guilty to distributing more than five grams of crack cocaine, 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1994), and was sentenced to a term of 97 months. On appeal, his case was remanded to allow him the right of allocution before sentencing. United States v. Thomas, No. 91-5904 (4th Cir. Sept. 17, 1993) (unpublished). On remand, the district court imposed the same 97-month sentence. Thomas now claims that the court erred when resentencing him in failing to apply the 1993 guidelines, in denying him a three-level adjustment for acceptance of responsibility, in determining his relevant conduct, and in denying him an effective allocution by confusing him with another defendant. We affirm.
 
 
 2
 Thomas correctly states that, when resentencing a defendant, the district court should apply the guidelines in effect on the date of resentencing unless to do so would create an ex post facto problem. 18 U.S.C. Sec. 3553(a) (1988); USSG Sec. 1B1.11;* United States v. Fagan, 996 F.2d 1009, 1018 (9th Cir.1993). Here, the district court did not refuse to apply the 1993 guidelines. Before determining whether the Ex Post Facto Clause would be implicated, the court decided that, even if the 1993 version of guideline sections 3E1.1 and 1B1.3 were applied, Thomas' sentence calculation would not be affected. Because the court did not clearly err in making its determinations concerning sections 3E1.1 and 1B1.3, Thomas was not prejudiced by the court's failure to apply the 1993 guidelines in a formal manner, and his claim of error in this regard is without merit.
 
 
 3
 Normally, the mandate rule prevents a district court from reexamining on remand issues which were not raised on appeal by the defendant. United States v. Bell, 5 F.3d 64, 66 (4th Cir.1993). An exception to the rule permits an issue to be reopened in exceptional circumstances, such as a significant change in the controlling legal authority. Id. at 67. Amendments to the guidelines which benefit the defendant are a circumstance within this exception. Therefore, the district court could reconsider acceptance of responsibility and relevant conduct at least to the extent necessary to determine whether application of the 1993 guidelines would benefit Thomas.
 
 
 4
 A three-level reduction is available under section 3E1.1(b) to a defendant who (1) timely provides complete information to the government about his own involvement in the offense, or (2) timely notifies the government that he intends to plead guilty, thus saving the government the effort of trial preparation.
 
 
 5
 The district court decided that Thomas did not qualify under subsection (b) because he negotiated an untimely plea on the eve of trial after his co-defendant's guilty plea, and never admitted the full extent of his involvement in the offense.
 
 
 6
 Thomas argues that his notice of his intent to plead guilty was as timely as possible, because the government would not negotiate with him until after his co-defendant's guilty plea. However, the commentary to section 3E1.1 states that conduct qualifying a defendant for the additional level "will occur particularly early in the case," and "at a sufficiently early point in the process so that the government may avoid preparing for trial." USSG Sec. 3E1.1, comment. (n.6). Thomas always had the option of indicating his intent to plead guilty without first negotiating an agreement. Therefore, the district court did not clearly err in finding that Thomas did not qualify for a three-level adjustment.
 
 
 7
 Thomas argued in the district court, and continues to argue on appeal, that guideline section 1B1.3 was substantively amended in 1992 to provide that a defendant is accountable for acts of others which were reasonably foreseeable and in furtherance of the jointly undertaken criminal activity. He claims that the amendment created a more relaxed standard of accountability under which two crack transactions carried out by co-defendant Emmett Jones should not be attributed to him. In fact, even before the 1992 amendment, section 1B1.3 required a finding that reasonably foreseeable activity of others must also be in furtherance of the jointly undertaken criminal activity in order for the defendant to be held accountable for them. See United States v. Banks, 10 F.3d 1044, 1058 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3755 (U.S.1994) (construing 1989 guideline).
 
 
 8
 Our review of the record discloses that the district court did not clearly err in finding that, under either the 1991 or the 1993 guideline, the two transactions were reasonably foreseeable to Thomas and in furtherance of his and Jones' jointly undertaken criminal activity.
 
 
 9
 Finally, Thomas maintains that he was denied his right of allocution under Fed.R.Crim.P. 32(a)(1)(C) in that the district court was confused as to his identity. Although the record discloses that the district court momentarily confused Thomas with another defendant of the same name, the court realized and corrected its error before Thomas completed his allocution. Thomas argues that the court continued in its error because after it had corrected itself it again referred to him as a state policeman, rather than a county policeman. However, at that point the court was emphasizing the seriousness of an offense committed by a law enforcement officer. The court was not careful to distinguish between state and county law enforcement, but this minor slip did not diminish the effectiveness of Thomas' lengthy allocution.
 
 
 10
 The sentence imposed by the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1993)